IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA :
:
v. : Criminal No. DKC 03-0539
:
THERESA MUBANG :
:

**MEMORANDUM OPINION AND ORDER**

By a judgment entered March 1, 2005, Defendant Theresa Mubang was convicted, after a jury trial, of holding a juvenile alien to a term of involuntary servitude and harboring a juvenile alien for financial gain. She was sentenced, *in absentia*, to concurrent terms of imprisonment of 210 and 120 months, to be followed by a three-year term of supervised release, and ordered to pay restitution in the amount of $100,000.00.[1]  On June 11, 2013, Defendant filed the pending motions for reduction of sentence (ECF No. 126), to vacate restitution (ECF No. 127), and to modify restitution (ECF No. 128).  More recently, she filed a motion for modification of sentence, attaching evidence of her successful rehabilitation during incarceration. (ECF No. 129).

---

[1] Defendant absconded to Cameroon between the date the verdict was rendered and the date of sentencing. She was apprehended several months after sentencing and returned to the United States to begin serving her sentence.

In Defendant's motion for reduction of sentence, she cites "a new amendment that became effective November 1, 2012," which "changes the probation criterion at [U.S.S.G. §] 4A1.2(c)(1) from a term of 'at least' one year to a term of 'more than' one year, when calculating criminal history points." (ECF No. 126, at 1). She appears to argue that this amendment should apply retroactively to reduce her criminal history category, which was based in part on a three-point enhancement for a 2001 healthcare fraud conviction for which she received a sentence of "37 month[s] [in] Federal Prison." (*Id.*).

While Defendant does not cite the basis of this motion, she presumably intends to move for relief pursuant to 18 U.S.C. § 3582(c)(2). That statute provides, in relevant part,

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Defendant does not identify the amendment she seeks to apply, but appears to refer to Amendment 709 to the advisory sentencing guidelines. That amendment modified U.S.S.G. § 4A1.2(c) by, *inter alia*, "chang[ing] the probation criterion at § 4A1.2(c)(1) from a term of 'at least'

2

one year to a term of 'more than' one year." *Hooper v. United States*, Civ. No. 1:08-0229, Crim. No. 1:06-0165, 2011 WL 3629152, at *3 n. 4 (S.D.W.Va. June 1, 2011). In other words, prior to the time Amendment 709 took effect, on November 1, 2007, § 4A1.2(c) provided, in relevant part, that a prior misdemeanor or petty offense could be counted for purposes of determining the criminal history category if "the sentence was a term of probation of *at least one year* or a term of imprisonment of at least thirty days[.]" U.S.S.G. § 4A1.2(c)(1) (2007) (emphasis added). The current version of this guideline provides that such an offense can only be counted if "the sentence was a term of probation of *more than one year* or a term of imprisonment of at least thirty days[.]" U.S.S.G. § 4A1.2(c)(1) (emphasis added).

Amendment 709, however, "does not apply retroactively." *Hooper*, 2011 WL 3629152, at *3 n. 6 (citing *United States v. Gaston*, 382 Fed.Appx. 297, 301-02 (4th Cir. 2010)). Because Defendant was sentenced prior to its effective date, she is not eligible for relief. Moreover, by her own admission, Defendant was sentenced to a term of imprisonment of thirty-seven months for the healthcare fraud conviction at issue, *i.e.*, well over the thirty-day threshold set forth in § 4A1.2(c)(1). Thus, Amendment 709, which could only apply where the sentence was for a term of probation, could have no bearing.

Defendant additionally seeks vacatur or modification of her restitution order. She contends that the requirement that restitution be immediately payable "constitutes an impermissible delegation to the [Bureau of Prisons] of the Judge['s] obligations to set a payment schedule." (ECF No. 127, at 1).[2] Alternatively, she asks the court "to defer payments until [she] is transferred to a facility that has the occupational capacity to employ," citing the fact that "employment is hard to gain" at her present facility. (ECF No. 128, at 1). She suggests that a "payment plan of $25.00 per quarter" is appropriate. (*Id.*).

Again, Defendant has not cited the legal basis of these motions, but the relevant statute is 18 U.S.C. § 3664(*o*), which provides:

---

[2] Defendant also faults the court for failing "to afford [her the] right to allocution . . . [or] to present any information in [m]iti[g]ation of the [s]entence" (ECF No. 127, at 2), a remarkable argument considering that she fled the country prior to sentencing. Pursuant to Fed.R.Crim.P. 43(c)(1)(A), "[a] defendant who was initially present at trial, or who had pleaded guilty or nolo contendere, waives the right to be present . . . when the defendant is voluntarily absent after the trial has begun, regardless of whether the court informed the defendant of an obligation to remain during trial." Where the defendant "waives the right to be present, the trial may proceed to completion, including the verdict's return and sentencing, during the defendant's absence." Fed.R.Crim.P. 43(c)(2); *see also United States v. Lawrence*, 248 F.3d 300, 304 (4th Cir. 2001) ("The voluntary waiver exception . . . encompasses the situation where a defendant impliedly waives his right to be present by absconding before sentencing"). To the extent that Defendant wishes to challenge the decision to sentence her *in absentia*, she was required to do so on direct appeal, and the time for filing an appeal has long since passed.

> (o) A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that –
>
>> (1) such a sentence can subsequently be –
>>
>>> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>>>
>>> (B) appealed and modified under section 3742;
>>>
>>> (C) amended under subsection (d)(5); or
>>>
>>> (D) adjusted under section 3664(k), 3572, or 3613A; or
>>
>> (2) the defendant may be resentenced under section 3565 or 3614.

As the United States Court of Appeals for the Fourth Circuit recently summarized:

> Rule 35 allows correction of a sentence within 14 days of its imposition when an error "resulted from arithmetical, technical, or other clear error" or modification of a sentence for the defendant's substantial assistance to the government. 18 U.S.C. § 3742 concerns an appeal of a sentence. 18 U.S.C. § 3664(d)(5) pertains to victim losses that the district court cannot ascertain at the sentencing hearing. 18 U.S.C. § 3572 concerns adjustment of payment of fines. 18 U.S.C. §§ 3613A and 3614 concern a defendant's default on a payment of a fine or restitution. And, 18 U.S.C. § 3565 pertains to a defendant's violation of her probation.

*United States v. Grant*, 715 F.3d 552, 557 (4th Cir. 2013).

None of those circumstances apply here. Although 18 U.S.C. § 3664(k) – providing for adjustment of the payment schedule in the interest of justice where there has been a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution" – is potentially applicable, Defendant has not alleged any material change of economic circumstance. *See United States v. Millegan*, No. CR.A.DKC 01 367, Civ.A.DKC 07 984, 2007 WL 2071784, at *2 (D.Md. July 17, 2007) (denying relief under § 3664(k) where defendant failed to show "that his financial situation has materially changed since his sentencing"). To the extent that she seeks to vacate the restitution order, the court has no authority to grant the requested relief. *See United States v. Roper*, 462 F.3d 336, 339 (4th Cir. 2006) ("district courts are generally without authority to remit restitution orders entered under the [Mandatory Victim Restitution Act]"); *United States v. Wood*, No. 5:05-CR-44-2BO, 2013 WL 1222685, at *1 (E.D.N.C. Mar. 24, 2013) ("once judgment [h]as been entered against the defendant the Court may not modify or cancel the total amount of restitution."). Accordingly, Defendant's motions to vacate and modify restitution must fail.

Finally, Defendant seeks modification of her sentence based on evidence of successful completion of rehabilitative programs during incarceration, citing 18 U.S.C. § 3553. Section 3553,

however, addresses factors that a court should consider at sentencing; it does not provide a basis for modification after sentencing. The narrow circumstances in which a court may modify an imposed term of imprisonment are set forth in 18 U.S.C. § 3582(c). Pursuant to that provision, a court may modify a sentence only (1) upon a motion filed by the Director of the Bureau of Prisons setting forth "extraordinary and compelling reasons" for a sentence reduction, (2) if a reduction is expressly permitted by statute or Federal Rule of Criminal Procedure 35, or (3) if the applicable sentencing range is subsequently lowered by the Sentencing Commissions. None of those provisions could have any application.

Accordingly, it is this 5th day of July, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendant's motions for reduction of sentence (ECF No. 126), to vacate restitution (ECF No. 127), to modify restitution (ECF No. 128), and for modification of sentence (ECF No. 129) BE, and the same hereby ARE, DENIED; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the government and directly to Defendant.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge