IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THERESA MUBANG, # 12855-083 | * | |
| Petitioner | | CIVIL ACTION NO. DKC-13-2339 |
| v. | * | CRIMINAL ACTION NO. DKC-03-539 |
| UNITED STATES OF AMERICA | * | |
| Respondent | | |

*****

## MEMORANDUM OPINION

Theresa Mubang, a federal prisoner, filed this "Motion to Vacate Sentence and Order Immediate Release from Custody as Authorized, Pursuant to 18 U.S.C. § 3742(a) Sentence was Imposed in Violation of Law" on August 12, 2013, seeking to vacate her sentence.[1] The Motion will construed as filed pursuant to 28 U.S.C. § 2255, and dismissed without prejudice.

Mubang was convicted of one count of holding a juvenile to a term of involuntary servitude and one count of harboring an juvenile alien for financial gain in violation of 18 U.S.C. §§ 1584 & 1324(a)(1)(A)(iii). On March 1, 2005, this court imposed a cumulative 210-month sentence and 3 years of supervised release, and ordered Mubang to pay a special assessment of $100.00 and $100,000.00 in restitution. The United States Court of Appeals for the Fourth Circuit dismissed the appeal on April 20, 2005. (ECF No. 86).

On July 19, 2006, a counseled motion for collateral relief under 28 U.S.C. § 2255 was filed on behalf of Mubang. (ECF No. 95). Subsequent related Motions followed. (See ECF Nos. 96, 99,

---

[1] Title 18 U.S.C. § 3742(a) provides that a defendant may appeal an "otherwise final sentence" *if* the sentence (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) is greater than the sentence specified in the applicable guideline range; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable. Such an appeal is to the Court of Appeals and Petitioner's appeal was dismissed.

104, 106-108, 110-114, 117, & 118). After briefing, the court exhaustively reviewed all issues and denied the Motion to Vacate on August 9, 2011. (ECF Nos. 122 & 123). No appeal was noted. On June 11 and 24, 2013, Mubang filed Motions for Reduction of Sentence, to Vacate Restitution, to Modify Restitution Judgment, and for Modification and Reduction of Sentence. (ECF Nos. 126-129). On July 5, 2013, the Motions were denied. (ECF No. 130).

In the instant Motion to Vacate, Mubang claims that her final sentence was imposed in violation of the Ex Post Facto Clause, as she was sentenced under the 2000 version of the U.S. Sentencing Guidelines ("USSG"). She asserts that as the 2000 guidelines provide for more severe punishment, she should have been sentenced under the 1998 USSG in effect at the time of her offenses. (ECF No. 133.). Mubang further alleges that her sentence violates the dictates of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151 (2013). Finally, she claims that the court abused its discretion in sentencing her beyond the statutory minimum term and, in effect, engaged in an "unwarranted sentencing disparity." (*Id*. at p. 7).

The law is well-settled that the district court lacks jurisdiction to consider a second or successive motion filed under 28 U.S.C. § 2255 unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals and found to contain newly discovered evidence bearing on the innocence of the movant, or "a new rule of constitutional law, made retroactive to cases on collateral review the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003). In this case,

2

Mubang filed a prior § 2255 Motion, which related to the same judgment and sentence that she presently challenges.

Mubang neither states nor does the record show that she has obtained prior authorization from the Fourth Circuit to bring this 28 U.S.C. § 2255 action. Thus, being without authorization, this court is unable to hear Mubang's claims, which are presented in the pending Motion. *Winestock,* 340 F.3d at 205. The Motion must be dismissed for lack of jurisdiction. *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000).[2]

An inmate who filed a Motion to Vacate has no absolute entitlement to appeal a district court's denial of his Motion. *See* 28 U.S.C. § 2253(c) (1). "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at §2253(c) (2). The Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller- El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).

When a district court dismisses a motion to vacate solely on procedural grounds, a Certificate of Appealability will not issue unless the Petitioner can demonstrate both "(1) 'that jurists of reason

---

[2] The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the "motion" are extensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Mubang wish to seek authorization to file a successive petition. It is to be emphasized that Mubang must file the "motion" with the Fourth Circuit and obtain authorization to file her successive petition before this court may examine her claims.

would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Mubang has not made the required showing and the court declines to issue a Certificate of Appealability. Mubang's Motion to Vacate will be dismissed without prejudice for lack of jurisdiction. A separate Order shall be entered reflecting the opinion set out herein.[3]

Date: August 16, 2013            /s/
                                 DEBORAH K. CHASANOW
                                 United States District Judge

---

[3] To the extent that Mubang's Motion may alternatively be construed as a notice of appeal of her March 2005 sentence under 18 U.S.C. § 3742(a), the notice is time-barred. *See United States v. Stossel,* 348 F.3d 1320, 1322 n. 2 (11th Cir. 2003).